FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 27 2011 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____ X

Rosemary Brumby individually
and on behalf of all others
similarly situated

                  Plaintiffs

-against-

United Collection Bureau, Inc.

                  Defendants

CV-11 3615

SUMMONS ISSUED

COMPLAINT AND DEMAND FOR JURY TRIAL

Unlawful Debt Collection Practices

TRIAL BY JURY DEMANDED

WEXLER, J.
WALL, M.J.

## I. CLASS ACTION COMPLAINT

Plaintiff Rosemary Brumby, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, et seq. ("FDCPA"), for a declaration that scripted telephone messages that the Defendant uses to collect consumer debts violates the FDCPA, and to recover damages by reason of Defendant's violations of the Fair Debt Collections Practices Act, (15 USC 1692 et seq). (hereinafter FDCPA), and alleges:

## II. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

2. Plaintiff, Rosemary Brumby is a citizen of the State of New York, residing in the Eastern District of New York, from whom Defendant attempted to collect a consumer debt.

3. Defendant is a foreign limited liability company registered to do business in New York. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

5. The alleged debt Defendant sought to collect from Plaintiff is a consumer debt, as defined by §1692a(5) of the FDCPA, in that it was originally incurred for personal, family or household purposes, and no part of the debt was incurred for business purposes. The alleged debt was originally incurred for a personal credit card.

## IV. FACTUAL ALLEGATIONS

6. At all times herein relevant, Plaintiff was and is a "consumer" as defined by 15 USC 1692a(3).

7. At all times herein relevant, Defendant was and is a "debt collector" as that term is defined by 15 USC 1692a(6).

8. Within one year preceding the date of the filing of the complaint in this action, in an attempt to collect the debt, Defendant placed several telephone calls to the Plaintiff and left messages for the Plaintiff on a telephone answering machine.

9. The messages left by the Defendant were left by different people on behalf of Defendant.

10. The message left by the Defendant on the answering machine did not include the notices required by 15 USC 1692e(11).

11. The messages left by the Defendant were harassing in that they failed to meaningfully identify the Defendant as required by 15 USC 1692d(6).

12. Within the one year immediately preceding this action, the Defendant left the following messages on the Plaintiff's answering machine that on information and belief was being read from a script:

> *Yes this message is for Rosemary Brumby. If you are not Rosemary Brumby please hang up or disconnect. If you are, please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message you acknowledge that you are Rosemary Brumby. My name is Eugene I'm calling concerning your reference number 51443151. My office hours are 8am to 9pm eastern. I can be reached at 866- 559 -4306 extension number 48958.*

13. Within the one year immediately preceding this action, the Defendant left the following messages on the Plaintiff's answering machine:

> *How you doing? This is Zach. I'm calling to speak to Rosemary. If you can, can you call me back 1800 299- 0979 extension 48841. This message is for Rosemary and this is Zach calling from UCB. Please call me back at 1-800 -299 -0979 extension 48841. Look forward to speaking to you Rosemary. Have a nice day.*

14. The messages left by the Defendant did not identify the Defendant as a debt collector as required by 15 USC 1692e(11).

15. The messages left by Defendant were deceptive in that the "least sophisticated consumer" would not recognize that the defendant was a debt collector and the messages specifically failed to provide the notice required by 15 USC 1692e(11).

16. The Plaintiff listened to the messages left by the Defendant.

17. On information and belief, it is the regular practice of the defendant to leave messages on consumers' answering machines that do not meaningfully identify themselves, and/or do not identify themselves as a debt collector. On information and belief within the one year immediately preceding the filing of this action, the Defendant has left messages on the answering machines of more than 100 person in New York that did not give the notice required by 15 USC 1692e(11) and/or did not meaningfully identify themselves.

## V. VIOLATIONS OF THE FDCPA

18. The actions of the Defendant as described above violate 15 USC 1692 e; 15 USC 1692 e(10); 15 USC 1692 e(11); 15 USC 1692 d; 15 USC 1692d(5) and 15 USC 1692 d(6).

## VI. CLASS ALLEGATIONS

19. Plaintiff brings the following class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) individually and on behalf of all persons in the State of New York to whom defendant placed a telephone call and left a message for a consumer in

which the Defendant failed to meaningfully identify themselves and/or failed to state that Defendant was a debt collector, as identified from Defendant's records, during the one year period immediately preceding the filing of this action.

20. The claims asserted in this case satisfy the requirements of Rule 23(a) because:

    (A) The members of the class are so numerous that joinder of all members is impractical.

    (B) There are questions of law and fact common to the Class and these questions predominate over any questions affecting only individual Class members.

    (C) The only individual issue is the identification of the consumers who received the calls (*i.e.,* the Class members), a matter capable of ministerial determination from the Defendant's records.

    (D) The Plaintiff's claims are typical of those of the Class members. All are based on the same facts and legal theories.

    (E) Plaintiff will fairly and adequately represent the Class members' interests. Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. Plaintiffs' interests are consistent with those of the Class members.

21. Class action treatment is appropriate under Rule 23(b)(3) because questions of fact or law common to the members of the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the Class members' claims.

22. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. §1692k.

23. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

24. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, resulting in the establishment of inconsistent or varying standards for the parties, and would not be in the interest of judicial economy.

25. If the facts are discovered to be appropriate, Plaintiffs will seek to certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**WHEREFORE,** Plaintiffs asks that this Court enter judgment in his favor and on behalf of the Class, against Defendant as follows:

(A) Certify the proposed the Class under Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiff and her counsel to represent the Class;

(B) Statutory damages as provided by §1692k of the FDCPA;

(C) Attorney's fees, litigation expenses and costs incurred in bringing this action;

(D) Any other relief this Court deems appropriate and just under the circumstances.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand trial by jury in this action.

Dated:   West Islip, NY
         July 26, 2011

Respectfully submitted,

Joseph Mauro (JM: 8295)
306 McCall Ave.
West Islip, NY 11795
631-669-0921